UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>vs.<br>LUIS ORTEGA,<br>                Defendant. | Case No. 2:15-cr-00293-LRH-NJK<br>ORDER<br>(Docket No. 72) |

       Pending before the Court is City of North Las Vegas' ("City") motion to quash Defendant Ortega's subpoena. Docket No. 72. The Court has considered City's motion, Defendant's response, and City's reply. Docket Nos. 72, 77, 79.

       The motion stems from the issuance of a subpoena to City requested by Defendant. Docket No. 61. After considering Defendant's motion, the Court granted his request for the subpoena. *See* Docket No. 62. Defendant's motion was filed and granted *ex parte*, without City seeing it or having the opportunity to respond to it. *See* Docket Nos. 61, 62. The subpoena at issue demands production of "all police training policies and manuals in effect beginning September 8, 2015 to present." Docket No. 72 at 10. The subpoena further directs City to Fed.R.Crim.P. 17 so that City can determine its ability to file a motion to quash or modify the subpoena. *Id*.

       City submits that the subpoena is overbroad, unreasonable and oppressive, and that the procedural manuals are kept confidential because they contain information regarding its investigative methodology. Docket No. 72 at 5. Disclosing the information, City submits, would "endanger police operations and safety, the safety of the lives of officers, risk circumvention of the law, and prejudice the

possibility of effective and efficient law enforcement." *Id*. City states that the information is protected by law enforcement privilege. *Id*. City also submits that the information requested by the subpoena, as written, is not necessarily admissible in court. *Id*.

In response, Defendant submits that law enforcement privilege is not recognized in the Ninth Circuit. Docket No. 77 at 2-4. Defendant further submits that the Court has already determined that the subpoena is properly issued. *Id*. at 4. Finally, Defendant submits that he has requested the information because he wants to know North Las Vegas Police Department's ("NLVPD") *Miranda* procedures. *Id*.

City replies that Defendant's subpoena is overly broad in that it does not specify what part of the manual Defendant seeks. Docket No. 79 at 2. Instead, the subpoena request "covers a broad range of materials over a broad year and a half range." *Id*. at 3. City submits that, although Defendant's response references NLVPD's *Miranda* procedures, the subpoena makes no reference to specific procedures and, therefore, it is overbroad, oppressive, and unreasonable. *Id*.

A trial court may quash a subpoena for testimony "if compliance would be unreasonable or oppressive." Fed.R.Crim.P. 17(a), 17(c)(2). *See also United States v. Nixon*, 418 U.S. 683, 689 (1974) (a subpoena issued under Fed.R.Crim.P. 17 may be quashed if the production of the requested materials would be "unreasonable or oppressive, but not otherwise").

Here, the subpoena is far too broad for Defendant's stated purpose. Therefore, the Court agrees with City that compliance with the subpoena, as written, would be unreasonable or oppressive. Pursuant to Fed.R.Crim.P. 17(c)(2), the Court may quash or modify the subpoena if it finds that compliance would be unreasonable or oppressive. The Court therefore modifies the subpoena to request only NLVPD's internal policies, from September 8, 2015 to present, regarding its *Miranda* procedures, including but not limited to the training officers undergo, the language they are instructed to use, and the *Miranda* cards with which they are provided.

Accordingly, the motion to quash, Docket No. 72, is hereby **GRANTED** in part and **DENIED** in part. The subpoena is modified as stated above. City must provide the subpoenaed records, *in camera*, to the undersigned's chambers, no later than February 3, 2017. Counsel for Defendant shall file, under seal, the specific issues counsel intends to address with the subpoenaed records, in order to assist the Court in making its determination as to what documents, if any, should be disclosed to Defendant.

This filing shall be made no later than February 3, 2017.  City is not to provide the records to defense counsel's office.  Further, the parties shall meet and confer on a proposed protective order in the event the Court determines that any of the documents should be disclosed under a protective order.  Finally, City's motion to quash, Docket No. 72, is ordered **UNSEALED**.

        IT IS SO ORDERED.

        DATED: January 31, 2017.

                                                _____
                                                NANCY J. KOPPE
                                                United States Magistrate Judge